<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| YULI SONG,<br><br>              Plaintiff,<br><br>v.<br><br>CHINA UNICOM (AMERICAS) OPERATIONS LIMITED, CHINA UNICOM GLOBAL LIMITED / CHINA UNICOM HONG KONG, CHINA UNICOM GROUP CORPORATION LIMITED,<br><br>              Defendants. | Civil Action No. 25-18016 (SDW) (SDA)<br><br>**WHEREAS OPINION**<br><br>June 30, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant China Unicom (Americas) Operations Limited's ("Defendant") Motion to Dismiss[1] (D.E. 8 ("Motion")) Plaintiff Yuli Song's ("Plaintiff") Complaint (D.E. 1 ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1); and

**WHEREAS** subject matter jurisdiction establishes a court's "very power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Under 28 U.S.C. § 1331, a district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States", but a private right of action is a prerequisite for finding

---

[1] Plaintiff declined to oppose the Motion.  (D.E. 16.)

1

federal question jurisdiction.  28 U.S.C. § 1331; *Smith v. Indus. Valley Title Ins. Co.*, 957 F.2d 90, 93 (3d Cir. 1992); and

WHEREAS when the claim over which the district court has original jurisdiction is dismissed, it must decline supplemental jurisdiction over any state claims unless considerations of judicial economy, convenience and fairness provide a reason for doing so.  *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); and

WHEREAS 8 U.S.C. § 1324b, a provision of the Immigration Reform and Control Act of 1986 ("INA") prohibiting employment discrimination based on citizenship status, does not provide a private right of action for a plaintiff to assert claims in federal court.  *Shah v. Wisconsin*, No. 11-0419, 2011 WL 5192127, at *2 (D.N.J. Oct. 31, 2011) (quoting *Shine v. TD Bank Fin. Grp.*, No. 09-4377, 2010 WL 2771773, at *8 (D.N.J. July 12, 2010)).  Instead, the statute provides a comprehensive administrative process for pursuing such claims, and judicial review is available only after the administrative proceedings have concluded.  *Id.*; § 1324b.

WHEREAS here, Plaintiff asserts two claims under § 1324b(a)(1) and § 1324b(a)(5), alleging that Defendant discriminated against her based on her immigration status after learning that she had obtained lawful permanent resident status in the United States, and retaliated against her after she filed a complaint with the Immigrant and Employee Rights Section of the U.S. Department of Justice.  (Compl. ¶¶ 51–67.)  Although Plaintiff argues that this Court has subject matter jurisdiction under § 1331, there is no private right of action under § 1324b and the federal claims must be dismissed.  (*Id.* ¶ 4.)  Moreover, since this Court lacks jurisdiction over Plaintiff's federal claims and no other considerations suggest otherwise, it declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

2

Accordingly, Defendant's Motion is **GRANTED**.    This case shall be closed.    An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
        Stacey D. Adams, U.S.M.J.

3